**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joanna FLORES, Defendant–Appellant.**

No. 01–50366.
D.C. No. CR–00–03778–JTM.

United States Court of Appeals,
Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

MEMORANDUM **

Joanna Flores appeals her conviction by guilty plea, and 8 month sentence for one

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

count of importation of a controlled substance in violation of 21 U.S.C. § 960. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a challenge to the constitutionality of a statute de novo, *United States v. Harris,* 185 F.3d 999, 1003 (9th Cir.1999), and we affirm.

Flores contends that 21 U.S.C. § 960, the statute under which she was convicted, is unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by our recent decision in *United States v. Mendoza–Paz,* 286 F.3d 1104, 1109–10 (9th Cir.2002) (concluding that § 960 is not facially unconstitutional).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Devario Christopher TIDWELL,**
**Defendant–Appellant.**

No. 01–50497.
D.C. No. CR–00–00099–AHS–1.

United States Court of Appeals,
Ninth Circuit.

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

## MEMORANDUM **

Devario Christopher Tidwell appeals the 240–month sentence imposed following his guilty plea to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using a firearm during a crime of violence, in violation of § 924(c). We have jurisdiction pursuant 18 U.S.C. § 3742, and we affirm.

Tidwell contends that the district court erred in its determination that he was a career criminal offender under U.S.S.G. § 4B1.1 because his prior California state conviction for grand theft under Cal.Penal Code § 487.2 is not a "crime of violence." As conceded by Tidwell, this argument is controlled by this court's decision in *United States v. Wofford,* 122 F.3d 787, 793–94 (9th Cir.1997) (holding a conviction for grand theft under Cal.Penal Code § 487.2 is a violent felony since it "involves conduct that presents a serious potential risk of physical injury to another"). *See also* § 4B1.2 (defining a "crime of violence" as an offense punishable by an imprisonment term exceeding one year, that "involves conduct that presents a serious potential

risk of injury to another"). Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Andria Renee FULLER, Defendant–Appellant.**

No. 01–50510.
D.C. No. CR–98–02299–K.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 14, 2002.

Before RYMER, T.G. NELSON, and THOMAS, Circuit Judges.

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the